POSITION OF THE NEW YORK TIMES COMPANY
(included at Applicant's request as conveyed during the parties' conferral)

Thank you for your email. The New York Times Company ("The Times") objects to your proposal.

The first request to stay these proceedings until an indefinite date so that the government can "complete" its execution of the search warrant is improper for multiple reasons. As set out in our Application, the First Amendment and the common law require expedient unsealing of these records. See Dkt. 1-1 ("Application") at 2. The public's immediate right of access obviously would be thwarted by an effectively unlimited suspension of the Government's deadline to respond to The Times's Application. We are also perplexed regarding what "execution" you refer to. As has been well-publicized, the Government executed the search warrant on October 12, 2026, and subpoenas have been served on Rep. Omar's family members. Indeed, as noted in our motion papers, the Government chose to conduct this investigation in public and to execute a search warrant on a sitting Congresswoman. The continuing lack of transparency surrounding the search warrant and related filings is especially intolerable in the run-up to an election in which Rep. Omar is a candidate for office. Id. at 1. In any event, if the materials sought contain legitimately non-public investigatory materials, the appropriate remedy is redaction (Id. at 17).

The Times also does not consent to the Government's proposed alternative briefing schedule in which its opposition is due on November 9, 2026. For the reasons set forth above, The Times believes that the appropriate deadline for the Government to respond is October 22, 2026. If the Government believes that a uniform briefing schedule is necessary, it may respond to the application in *In re the Matter of the Search Warrant of Ilhan Omar's Washington D.C. Residence*, 26-mc-147 on October 22, 2026. The Government would not be prejudiced by

responding on this deadline as this separate application was filed on the same day as The Times's Application and raises overlapping issues.

Finally, The Times does not consent to the Government's proposal of filing an ex parte memorandum of law supporting its extension motion. "[C]ourts routinely express their disfavor with ex parte proceedings and permit such proceedings only in the rarest of circumstances." *U.S. v. Libby*, 429 F. Supp. 2d 18, 21, (D.D.C. 2006). Here, there is no justification for the Government to rely on an ex parte, in camera memorandum to justify an extension – particularly given the broader objection to the underlying proceedings being conducted in secret, despite their clear significance to the public. Ex parte proceedings would deprive The Times of the ability to evaluate or contest the Government's assertions. If there are legitimately sensitive facts that must be put to the Court, the appropriate remedy is redaction.

The Times respectfully requests that the Government include this statement setting forth The Times's position in any submission to the Court. Thank you.